SARATOGA OYER AND TERMINER, July 29, 1823.   Before *Walworth*, Circuit Judge, and the County Judges.

### THE PEOPLE *vs.* GILBERT WOOD.

If a servant, entrusted with the care of a horse of his master, takes it from the stable of his master, with intent to run away with it, he is guilty of stealing. The horse in the stable of the master is in the actual possession of the master and not of the servant.

The prisoner was indicted for horse stealing.   He was in the employ of the owner of the horse, as a common laborer; and it was part of his duty to water and feed the horse, which was kept in a stable.   In the absence of the owner and his family, the prisoner went to the barn and took out the horse and saddled and bridled him, went to the house and took from thence a coat and pantaloons belonging to the prosecutor, and rode off. The prosecutor returned, and missing the horse, &c., he pursued the prisoner and overtook him about ten miles from the place, from which the horse had been taken, and evidently running away with the horse.

The counsel for the prisoner insisted that as the prisoner had been entrusted with the care of the horse, he should have been indicted for embezzling, and that he was not guilty of stealing.

WALWORTH, *Circuit Judge.*—There can be no pretence in this case, that the horse was in the legal possession of the prisoner at the time it was taken.   The horse in the stable was not only in the constructive but in the actual possession of the owner.   It was there the offence was committed by the prisoner in taking the horse from the stable, with intent to run away with it.   It was therefore never legally in his possession.

Prisoner convicted.